# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAPPY PRODUCTS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ONTEL PRODUCTS CORPORATION; BOSCOV'S DEPARTMENT STORE, LLC; BJ'S WHOLESALE CLUB, INC.; AND UNBEATABLESALE.COM, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 2:24-cv-09819-EP-JRA<br><br>**Motion Date: May 5, 2025**<br><br>**In-Person** Oral Argument Requested<br><br>*Document Filed Electronically* |

### DEFENDANTS' REPLY BRIEF IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)

Katherine A. Escanlar
kescanlar@saiber.com
**Saiber LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
Tel: (973) 845-7720
Fax: (973) 622-3349

Michelle Mancino Marsh
michelle.marsh@afslaw.com
Ariel S. Peikes
ariel.peikes@afslaw.com
**ArentFox Schiff LLP**
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990

Janine A. Carlan (*pro hac vice*)
janine.carlan@afslaw.com
**ArentFox Schiff LLP**
1717 K St NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395

Julie A. Vernon (*pro hac vice*)
julie.vernon@afslaw.com
**ArentFox Schiff LLP**
233 South Wacker Drive,
Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600

*Attorneys for Defendants Ontel Prods. Corp., Boscov's Department Store, LLC, BJ's Wholesale Club, Inc., and Unbeatablesale.com, Inc.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  HPI'S FAILS TO SUPPORT ITS TRADE DRESS PLEADING ........................................ 2

   A.   HPI has failed to sufficiently plead non-functionality ...................................................... 2

   B.   HPI'S PLEADING IS ALSO UNDERMINED BY THE COMPLAINT'S ALLEGATIONS REVEALING THAT THE FLIPPY'S CURVED LEDGES PROVIDE FUNCTION TO CONSUMERS AND ARE NOT MERELY ORNAMETNAL ....................... 3

   C.   HPI IS INCORRECT THAT A TRADE DRESS CLAIM CANNOT BE DISMISSED FOR FUNCTIONALITY ON A MOTION TO DISMISS ....................................................... 5

   D.   HPI'S PROTESTS ABOUT MATERIALS OUTSIDE OF THE PLEADINGS ARE INCORRECT ........................................................................................................................ 7

      1.   HPI's Trademark Registration for its Logo Mark is Irrelevant to whether HPI has Unregistered Trade Dress Rights in the Flippy Product Design ............................................ 7

III. THE AMENDED COMPLAINT'S TORTIOUS INTERFERENCE CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................... 8

   A.   HPI'S Defense of its Tortious Interference Pleading (Count X) Confirms that the Pleading is Improper .............................................................................................................. 8

IV.  HPI FAILS TO REBUT THE NEED TO STRIKE THE IMPERTINENT "FACTS" THAT HPI IRRELEVANTLY AND PREJUDICIALLY INSERTED INTO THE COMPLAINT ............ 9

V.   CONCLUSION ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arro-Mark Co. LLC. v. Warren*,
  2024 WL 4053027 (D.N.J. Sept. 5, 2024) ...........................................................................3, 6

*Azurous, Inc. v. Kennedy Int'l, Inc.*,
  2024 WL 3219663 (D.N.J. June 28, 2024)(J. Quraishi) ............................................................6

*Bambi Baby.com Corp. v. Madonna Ventures*,
  2019 WL 2337447 (D.N.J. June 3, 2019) (J. Walls) .................................................................6

*Bath Auth., LLC v. Anzzi LLC*,
  2018 WL 5112889 (E.D. Pa. Oct. 19, 2018) .....................................................................1, 2, 6

*BFL Metal Prods. Co. LTD v. RDFN FUM Nat. Prods. Ltd.*,
  2025 WL 958250 (S.D. Fl. Mar. 31, 2025) ..............................................................................11

*In re Chippendales USA, Inc.*,
  622 F.3d 1346 (Fed. Cir. 2010) ..................................................................................................7

*Ciba-Geigy Corp. v. Bolar Pharm. Co.*,
  747 F.2d 844 (3d Cir. 1984) .......................................................................................................5

*D.A. v. Finish Line, Inc.*,
  2022 U.S. Dist. LEXIS 188052 (D.N.J. Oct. 14, 2022) .............................................................4

*Design With Friends, Inc. v. Target Corp.*,
  2022 WL 4448197 (D. Del. Sept. 23, 2022) ..............................................................................6

*Fair Wind Sailing, Inc. v. Dempster*,
  764 F.3d 303 (3d Cir. 2014) ...................................................................................................5, 6

*Grp. One, Ltd. v. Hallmark Cards, Inc.*,
  407 F.3d 1297 (Fed. Cir. 2005) ..................................................................................................7

*Interlink Prod. Int'l, Inc. v. HDS Trading Corp., Inc.*,
  2015 WL 12840378 (D.N.J. Oct. 14, 2015) ...............................................................................2

*Mylan Pharm., Inc. v. Teva Pharms. Indus. Ltd.*,
  2025 WL 756793 (D.N.J. Feb. 27, 2025) .................................................................................10

*New Jersey Prot. & Advoc., Inc. v. Velez*,
  2008 WL 4192068 (D.N.J. Sept. 9, 2008) ................................................................................10

*NY Mach. Inc. v. Korean Cleaners Monthly*,
 2018 WL 2455926 (D.N.J. May 31, 2018) ................................................................................9

*PIM Brands Inc. v. Haribo of Am. Inc.*,
 81 F.4th 317 (3d Cir. 2023) .......................................................................................................5

*U.S. v. Garcia*,
 855 F.3d 615 (4th Cir. 2017) .....................................................................................................7

*Wyndham Constr., LLC v. Columbia Cas. Ins. Co.*,
 208 F. Supp. 3d 599 (D.N.J. 2016) ............................................................................................4

**Rules**

Fed. R. Evid. 201(f) ........................................................................................................................7

I. **INTRODUCTION**

HPI's Opposition Brief (D.I. 50 ("Opposition" or "Opp'n")) offers a meek defense for its highly-flawed Amended Complaint (D.I. 34 (the "Complaint")). HPI incorrectly interprets the relevant caselaw, thereby misapplying Third Circuit and district courts' precedent in response to nearly all of the Defendants' arguments in support of their Partial Motion to Dismiss and to Strike from the Complaint (D.I. 40-1 ("Defs.' Brief")). Moreover, the Opposition does not respond to several of Defendants' central arguments, leaving HPI with no defense to them at all. It is therefore unsurprising that HPI's Opposition resorts to rhetoric, striking a petulant tone, and even mocking Defendants' grammatical choices reflected in Defendants' Brief. *See, e.g.*, Opp'n, at 17 (taking issue with Ontel's "poor phrasing."). Simply put, the Opposition's legal arguments fail because they are besides the point or misapply relevant law.

In particular, HPI is incorrect – this Court can dismiss HPI's trade dress claim at the pleading stage; functionality is not "an issue of fact" that requires summary judgment or trial. Opp'n, at 21-23. The cases cited by HPI did not involve a motion to dismiss. There are numerous examples of courts dismissing trade dress claims for failure to sufficiently plead non-functionality, including where the court reviewed the full complaint's allegations and other record evidence and determined that the design was functional. In addition, Courts apply common-sense such as when a party alleged trade dress rights in glass panels, hinges and handles, and the products at issue were doors. *See Bath Auth., LLC v. Anzzi LLC*, 2018 WL 5112889, at *6 (E.D. Pa. Oct. 19, 2018). The Court applied common-sense in determining that these could not comprise trade dress because "these elements…are essential to the use and purpose of the doors"; the "alleged trade dress is functional." *Id.* Similarly, there is ample support in the record evidence for this Court to observe that the Flippy's curved ledges are a functional feature of the product design. In particular, the curved ledges facilitate the rotation of the Flippy, "with the flip of the wrists" (Complaint ¶ 96),

1

thereby enabling the user to easily and comfortably switch from one viewing angle to another, whether "sitting, standing, [or] lying down." *Id.*

## II.  HPI'S FAILS TO SUPPORT ITS TRADE DRESS PLEADING

### A. HPI has Failed to Sufficiently Plead Non-Functionality

Defendants and HPI agree that a party alleging unregistered trade dress rights must plead that its purported trade dress design elements are non-functional. *See* Defs.' Brief at 6-9. This pleading requirement helps enable courts to weed out improper assertions of trade dress rights and to protect consumers from a producer having monopoly rights on useful, functional design under the guise of trade dress.

HPI wrongly argues that two of its Complaint statements specifically establish non-functionality:

(1) "The rounded ledges are not functional, as they are not essential to the use or purpose of the Flippy pillow, and do not affect the cost or quality of the item"; and

(2) "Without these signature rounded ledges, a media support device would have the same functionality and satisfy the claims of the '479 patent, but it would appear weapon-like."

Opp'n at 5 citing Complaint ¶¶ 104 and 335. HPI further points to the Complaint, at ¶¶ 100-01, stating that HPI's patents do not "specify how any back support is 'in physical communication with' any edge support, or how any edge support is 'disposed between' two back supports." *Id*.¶ 101.

HPI's arguments only serve to prove Defendants' point that HPI has failed to adequately plead non-functionality. Statement number "(1)" above is merely a conclusory recitation of the legal standard for pleading non-functionality. *See Interlink Prod. Int'l, Inc. v. HDS Trading Corp., Inc.*, 2015 WL 12840378 at *4 (D.N.J. Oct. 14, 2015) (dismissing a trade dress claim for failure to properly plead non-functionality, where plaintiff's allegation of non-functionality was merely a conclusory statement). Statement number "(2)" begins with another conclusory clause that

2

"[w]ithout these signature rounded ledges, a media support device would have the same functionality[.]" HPI then adds the following <u>irrelevant</u> statement, namely, that a media support device with different ledges would "satisfy the claims of the '479 patent," i.e., that Plaintiff's patent does not claim the curved ledges as a patentable feature of its design.

This above statement does not demonstrate non-functionality. Indeed, a patent is not necessary for a design element to be deemed functional, especially since functionality is a low bar. *See Arro-Mark Co. LLC. v. Warren,* 2024 WL 4053027, at *16 (D.N.J. Sept. 5, 2024) (dismissing plaintiff's purported trade dress in the "look and feel" of plaintiff's website because the website's features were functional – even where no patent was owned by plaintiff). The pleading issue in question is whether the design element supplies a function, or whether it can be alleged as non-functional. By incorrectly equating the design element as being allegedly outside of Plaintiff's patent claims with *ipso facto* being "non-functional," HPI fails to plead non-functionality, which is a requisite threshold requirement for sustaining a trade dress claim. *See* Opp'n at 15-16 (repeating the same legally incorrect assertions).

Therefore, the Court can and should dismiss Plaintiff's trade dress count for failing to plead non-functionality of the purported trade dress.

### B. HPI's Pleading is also Undermined by the Complaint's Allegations Revealing that the Flippy's Curved Ledges Provide Function to Consumers and are Not Merely Ornamental

HPI does not rebut the numerous statements highlighted by Defendants contained in both the Complaint and the referenced '479 Patent that are admissions that the purported trade dress' curved ledges are functional elements. Defs.' Br. at 12-15. In particular, the brief identifies Complaint paragraphs 2 (an illustration), 87 and 98, as outlining alleged utility supplied by the curved ledges. The Brief also identifies statements from the specifications contained in the '479 Patent itself, which describe how the curved ledge design allegedly facilitates rotation, allowing

3

the user "to select a back support with a comfortable viewing angle." Defs.' Br. at 13. Also, the curved ledge design allegedly facilitates the product being "quickly rotated" when the user "changes position" while lying down or sitting. *Id*. These statements are admissions by HPI of the functionality of these design features, including admissions by HPI made to the USPTO.

HPI fails to offer any direct response to the quotations from its Complaint and patent and Defendants' arguments as to their legal significance. HPI's silence is an admission. "Failure to argue in response to a defendant's motion to dismiss when there is an opportunity to do so results in a waiver of that claim or argument." *D.A. v. Finish Line, Inc.*, 2022 U.S. Dist. LEXIS 188052, at *5 (D.N.J. Oct. 14, 2022) (citing *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008)). Where a party files an opposition but fails to respond to a substantive argument to dismiss a count, courts in this District have consistently held that the failure to respond results in a waiver of that count. *See Wyndham Constr., LLC v. Columbia Cas. Ins. Co.,* 208 F. Supp. 3d 599, 603 (D.N.J. 2016) ("Plaintiff's silence is telling and is read as a waiver[.]"). To the extent that HPI may be drawing a distinction between the '479 Patent's claims and its specifications, that distinction is besides the point. *See* Opp'n at 16-18. It is immaterial to this Court's trade dress analysis whether HPI's admissions of functionality come from its '479 Patent's claims or its specifications. The admissions of functionality are there in black and white.

Furthermore, paragraphs 94 through 96 of the Complaint are equally revealing because they describe how Plaintiff came to "realize" its "concept of a soft but supportive stand that would <u>provide multiple reading angles</u>—appropriate for multiple positions such as sitting, standing, and lying down—<u>with the flip of the wrists</u>." (Emphasis added). HPI's "Flippy" is flipped into different positions using the ledges, with the flip of the wrists. Therefore, <u>as pleaded by Plaintiff</u>, the purported trade dress <u>is functional</u>. Consequently, Plaintiff has failed to plead non-functionality.

4

### C. HPI is Incorrect that a Trade Dress Claim Cannot be Dismissed for Functionality on a Motion to Dismiss

HPI is wrong to suggest that the Court cannot dismiss HPI's pleading for failing to sufficiently assert that its "trade dress" is non-functional or, in the alternative, on a finding that the pleadings show that the Flippy Trade Dress is functional, and therefore is not entitled to trade dress protection. Contrary to HPI's assertions, this Court is not required to refrain from common-sense observations, including that a design that is intended to be rotated against a surface will have curved ledges in order to facilitate said rotation, especially when that surface will often be the user's body, when the user is lying in bed or on the couch.

First, Plaintiff incorrectly relies on *PIM Brands Inc. v. Haribo of Am. Inc.*, 81 F.4th 317, 320 (3d Cir. 2023) in making the misleading statement that a trade dress pleading cannot be dismissed upon a motion to dismiss because "[f]unctionality turns on a finding of fact." Opp'n, at 9. However, in *PIM Brands*, the Third Circuit was not evaluating a motion to dismiss. The appealed-from decision was a motion for summary judgment, and the Court explained that the district court's finding of functionality was a determination of fact, not of law. 81 F.4th at 320. In complete contradiction to Plaintiff's position, the Court explained that:

> As the parties agreed at oral argument, if a <u>product's picture is enough evidence of its usefulness, the judge's common-sense assessment of functionality may suffice</u>. They are right. Because the functionality bar is low, all the design need do is give the product a significant competitive edge beyond identifying its source.

*Id.* at 322 (emphasis added). Similarly, Plaintiff's reliance on *Ciba-Geigy Corp. v. Bolar Pharm. Co.*, 747 F.2d 844, 850 (3d Cir. 1984) is unavailing because that case did not involve a motion to dismiss and does not stand for the proposition that summary judgement or a trial is needed to determine functionality.

Defendants have identified multiple orders where a court in this Circuit has dismissed a trade dress pleading based on the functionality doctrine. For example, in *Fair Wind Sailing, Inc. v.*

*Dempster*, 764 F.3d 303, 305 (3d Cir. 2014), the Third Circuit ruled that the purported trade dress "as pleaded, is functional in nature." *Id.*; *Bath Auth., LLC v. Anzzi LLC*, 2018 WL 5112889, at *6 (E.D. Pa. Oct. 19, 2018) (concluding that plaintiff's "alleged trade dress is functional" where plaintiff "identifies glass panels, hinges and handles as protectable trade dress," but "these elements…are essential to the use and purpose of the doors,": and, moreover, "barring competitors from using glass panels, hinges and handles would place them at a significant practical disadvantage"); *Azurous, Inc. v. Kennedy Int'l, Inc.*, 2024 WL 3219663, at *9 (D.N.J. June 28, 2024)(J. Quraishi), ("Despite Plaintiff's claim of non-functionality, the Complaint and supporting documents indicate that the very features Plaintiff contends are non-functional are not only useful, but also give the EVOLUTION Pillow an advantage over its competitors—<u>they do more than just brand the product</u>.") (Emphasis added); *Bambi Baby.com Corp. v. Madonna Ventures,* 2019 WL 2337447, at *4 (D.N.J. June 3, 2019) (J. Walls) (dismissing plaintiff's trade dress count because *inter alia* the "consistent placement and location of certain user options and the company's logo on each and every page" of plaintiff's website "is functional"); *Design With Friends, Inc. v. Target Corp.*, 2022 WL 4448197, at *2 (D. Del. Sept. 23, 2022) (dismissing plaintiff's trade dress count, while observing that, "[m]ost of the elements on Design with Friends' list [of purported trade dress elements] are functional because they make [plaintiff's] tool more sensible."); *Arro-Mark Co. LLC. v. Warren*, 2024 WL 4053027, at *18 (D.N.J. Sept. 5, 2024) (J. Semper) (dismissing some of plaintiff's trade dress claims upon the determination that the identified trade dress elements are "all functional and therefore not protectable trade dress").

Consequently, this Court can and should determine that the Complaint does not assert a protectable trade dress.

### D. HPI's Protests About Materials Outside of the Pleadings are Incorrect

A peculiar argument from Plaintiff is that the Court cannot consider the records of the USPTO. *See* Opp'n at 22 (arguing that "Ontel" has "ignore[d] the standard for motions to dismiss."). However, the legal precedent is entirely contrary to HPI's position. *See Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1306 (Fed. Cir. 2005) (upholding the district court's taking of judicial notice of the fact of a patent's reinstatement as stated in the USPTO's records); *U.S. v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites"); *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1356 (Fed. Cir. 2010) (Federal Rule of Evidence 201(f) clearly states that "[j]udicial notice may be taken at any stage of the proceeding[]"). Therefore, this Court can review the various USPTO documents submitted with Defendants' motion, all of which are relevant to whether Plaintiff has pled a non-functional trade dress.

#### 1. HPI's Trademark Registration for its Logo Mark is Irrelevant to whether HPI has Unregistered Trade Dress Rights in the Flippy Product Design

HPI suggests that in order to understand the bounds of its alleged and unregistered trade dress in the Flippy's product design, this Court should examine HPI's trademark registration for a flat, two-dimensional logo, which does not cover the product design. *See* Opp'n at 4, 14. The unrelated HPI trademark application and subsequent registration for a logo do not in any way cover Plaintiff's purported Flippy trade dress – and to suggest otherwise is misleading at best. Plaintiff has conveniently omitted these documents from both its Complaint and its Opposition to the instant Motion, despite taking the position that its alleged trade dress is "reflected" in this USPTO trademark registration. *Id.; compare* Second Peikes Decl. ¶ 5-6, Exs. 3-4. Plaintiff's trademark registration is for a <u>logo</u> that has allegedly been used on product packaging. *Id*. HPI represented to the USPTO that it first used this logo in 2023, whereas in the instant lawsuit, HPI sues Defendants

7

for alleged trade dress infringement beginning in 2018 or 2019. *See* Complaint ¶¶ 183,190-91. The USPTO did not even consider Plaintiff's product design, which was not a subject of HPI's trademark application. Second Peikes Decl. ¶ 5, Ex. 3. Moreover, said logo is not a faithful rendering of the appearance of Plaintiff's Flippy product – it is at best a flattened and abstracted rendering of a side-view of the Flippy product. That Plaintiff directs the Court to look away from its actual product design to a tangential, non-germane trademark registration gives away Plaintiff's game – that the Flippy product design is utilitarian and therefore incapable of achieving trade dress protection.[1]

### III. THE AMENDED COMPLAINT'S TORTIOUS INTERFERENCE CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. HPI's Defense of its Tortious Interference Pleading (Count X) Confirms that the Pleading is Improper

In response to Ontel's arguments to dismiss HPI's claim for tortious interference (Count X), HPI merely doubles-down on its indefensible pleading. HPI truly offers no defense at all for HPI's position that it is entitled to recovery for each and every sale made by Ontel, including to Ontel's retail customers: Defendant Boscov's Department Store, LLC, Defendant BJ's Wholesale Club, Inc., as well as "Bed Bath and Beyond," "Kroger store," "Walgreens, Target, Walmart, Big Lots, Joann's stores, Lowe's" and "Meijer," all companies that Ontel has an ongoing business relationships with and, according to the Complaint, Plaintiff has not sold a product to these Retailers. Plaintiff's pleading <u>assumes</u> without any basis that "every customer who purchased a knock-off Pillow Pad was a potential customer of HPI's for its innovative Flippy product." Opp'n at 6, citing Complaint ¶ 394.

---

[1] Fortunately, despite the Plaintiff's attempted misdirection, this Court will have multiple samples of HPI's Flippy product to refer to as it considers Defendants' motion. On information and belief, Plaintiff has submitted one or more samples of the Flippy to this Court for review. Defendants are also sending a sample Flippy and a sample accused product to the Court.

Therefore, HPI is unbridled in arguing that it had a "reasonable expectation of [this] economic benefit," and that there was "reasonable probability that [HPI] would have received the anticipated economic benefit" but for Ontel's "interference." Opp'n at 6-7, 10, and 26. Moreover, HPI's reliance on *NY Mach. Inc. v. Korean Cleaners Monthly*, 2018 WL 2455926, at *5 (D.N.J. May 31, 2018) is completely unhelpful to HPI's position and only confirms that HPI has insufficiently plead the 1st, 4th and 5th prongs of the claim. Moreover, in *NY Mach.*, plaintiff plead that its "existing and prospective customers have cancelled orders of NYM's products," whereas HPI seeks recovery for highly speculative "orders" from large retailers that have never purchased product from HPI.

Consequently, this Court must dismiss HPI's tortious interference claim.

IV. **HPI FAILS TO REBUT THE NEED TO STRIKE THE IMPERTINENT "FACTS" THAT HPI IRRELEVANTLY AND PREJUDICIALLY INSERTED INTO THE COMPLAINT**

Ontel's Motion to Strike impertinent and prejudicial subject matter from the Complaint should be granted. HPI regards all "As Seen on TV" companies[2] as being the same or virtually the same. Opp'n at 27-28. This is wrong. HPI initially brought this suit against Ontel and Telebrands, and voluntarily dismissed Telebrands. HPI now concedes that 1/8 of its Complaint concerns the purported actions and unrelated litigations of Telebrands, allegedly "relevant" to HPI's legal claims because of Ontel and Telebrands status as competitors in the direct-response industry, or even less credibly (but more prejudicial), the familial relationship of the companies' founders. *Id.* at 29.

---

[2] *See* https://en.wikipedia.org/wiki/As_seen_on_TV - explaining that: (1) "**As seen on TV**" is a generic phrase for products advertised on television in the United States for direct-response mail-order"; and "[t]he red logo and phrase is in the public domain and can be used on packaging or in business with no fee and without trademark infringement." Also, "[p]rominent marketers of As seen on TV products include As Seen on TV, Inc., Time Life, Space Bag, K-tel, Ronco, and Thane." *Id*.

9

HPI does not dispute that the identified paragraphs refer to "unrelated disputes, unrelated parties, and unrelated alleged intellectual property rights," i.e., they are not necessary to the allegations. *Id.* at 22. That alone should end the inquiry. *See Mylan Pharm., Inc. v. Teva Pharms. Indus. Ltd.*, 2025 WL 756793, at *44 (D.N.J. Feb. 27, 2025); *New Jersey Prot. & Advoc., Inc. v. Velez*, 2008 WL 4192068, at *2 (D.N.J. Sept. 9, 2008) (striking paragraphs of complaint regarding separate lawsuits, as "separate disputed actions, involving different controversies, has no bearing on the issues raised by Plaintiff in this case" and "are prejudicial to Defendant in that they imply a pattern and practice of Defendant['s violation of] federal laws.").

Ontel is prejudiced by the inclusion of "facts" outside of the case. HPI relies on the weak disclaimer <u>in a footnote</u> that the "Bunch O Balloons" litigation "should [not] be imputed, directly or indirectly, to Ontel." Opp'n at 27. But it begs the question, why include it at all? HPI claims Telebrands' actions are "background as to how <u>these</u> 'As Seen on TV' companies <u>operate.</u>" *Id.* at 27-28 (emphasis added). HPI admits that the impression it is trying to create is that Ontel, <u>for whom it cites no documented examples</u>, would act similarly. *Id.* at 28; Complaint at 10 n.2. Moreover, it is Plaintiff's not-so-subtle suggestion that it is entitled to a damages award similar to what one plaintiff secured against Telebrands in a highly publicized litigation, "$12.3 million…doubled to $26 million, and $4.7 million in attorneys fees." *Id.* ¶¶ 70, 75-78.[3]

HPI's suggestion that Telebrands' actions be used as a "foil" also fails. HPI baldly states, and does not support, its incredulous position that "Telebrands's decisionmaking process (and the different result) bears on willfulness of Ontel's infringement of HPI's intellectual property." Opp'n

---

[3] It is obvious that Plaintiff seeks not only to conflate Defendant Ontel with non-party Telebrands, but also to conflate itself with "Josh Malone" and "Bunch O Balloons," who secured a "$31 million payment from Telebrands" based on claims of patent infringement. Complaint ¶¶ 61-79, especially ¶ 78.

at 28; *see also id.* at 29. HPI's position contravenes the facts and the law. *See BFL Metal Prods. Co. LTD v. RDFN FUM Nat. Prods. Ltd.*, 2025 WL 958250, at *5 (S.D. Fl. Mar. 31, 2025) (actions of a co-defendant did not establish the other two defendants' "individual intent to infringe" upon Plaintiff's trademark). HPI speaks out of both sides of its mouth to suggest that Telebrands is simultaneously the "foil" and "background context…due to their (and Ontel's) habitual use of NDAs." Opp'n at 28.

HPI's underscoring the family relationship between the founders of Telebrands and Ontel (*Id*. at 29) does nothing to show its relevance but, rather, only the prejudice of such statement. HPI relies on the physical proximity and family relationship of the founders to suggest that these two companies act identically. *Id.* These fact statements are irrelevant, impertinent, and prejudicial.

HPI disagrees with Ontel's characterization of the parties' discussion with the Court. Opp'n at 26-27. At best, this shows that HPI disregarded the plain direction of this Court, that Plaintiff's endless referencing of Telebrands was unnecessary and irrelevant to Plaintiff's claims against the remaining Defendants. As established in Defendants' brief and above, it is clear that those statements are also impertinent and prejudicial to Ontel.

Therefore, HPI's Motion to Strike should be granted.

## V. CONCLUSION

For the reasons set forth above, and in Defendants' initial brief, the motions to dismiss and to strike should be granted. Defendants have not addressed HPI's attempts to save its unfair competition counts under New Jersey law, but rely on the arguments set forth in the initial brief. Defs.' Brief at 18.

Dated: April 28, 2025

/s/ *Katherine A. Escanlar*
Katherine A. Escanlar

11

**Saiber LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
Tel: (973) 845-7720
kescanlar@saiber.com

Michelle M. Marsh
michelle.marsh@afslaw.com
Ariel S. Peikes
ariel.peikes@afslaw.com
**ArentFox Schiff LLP**
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990

Janine A. Carlan (*pro hac vice*)
janine.carlan@afslaw.com
**ArentFox Schiff LLP**
1717 K St NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395

Julie A. Vernon (*pro hac vice*)
julie.vernon@afslaw.com
**ArentFox Schiff LLP**
233 South Wacker Drive,
Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600

*Attorneys for Defendants Ontel Prods. Corp., Boscov's Department Store, LLC, BJ's Wholesale Club, Inc., and Unbeatablesale.com, Inc.*

12