

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.484.3900    **MAIN**
212.484.3990    **FAX**

afslaw.com

May 24, 2025

**VIA ECF**
Honorable José R. Almonte, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re:  *Happy Products, Inc. v. Ontel Products Corporation et al,* Case No. 2:24-cv-09819-EP-JRA
       <u>United States District Court for the District of New Jersey</u>

Dear Judge Almonte:

      We represent Defendant Ontel Products Corporation ("Ontel") in the above-referenced matter and submit this letter pursuant to Paragraph 25 of the Pretrial Scheduling Order (D.I. 54). Ontel seeks leave to file a motion to restrain certain out-of-Court conduct by Plaintiff Happy Products, Inc.'s CEO, Juliette Fassett (hereinafter, "Fassett"). In particular, Fassett contacted the wife of an Ontel attorney via social media and commented on a photograph of the attorney and his wife's teenage daughter.[1] Pursuant to this Court's plenary powers under the U.S. Constitution, Article III, Sections 1 and 2, this Court can address improper conduct by litigants, especially when the safety of other litigants and related individuals is implicated.

      On February 26, 2025, several months after her company filed this lawsuit against Ontel, Fassett contacted the wife of Ontel's intellectual property law attorney, John S. Artz, (hereinafter, "Artz"). Artz has been Ontel's intellectual property law counsel for many years, and he previously communicated with Fassett regarding this dispute. As a means of communicating with Artz's wife, Fassett commented on a photograph that the wife had posted to Instagram. The photograph shows the couple's teenage daughter. Fassett's full message is shown in **Exhibit 1** herewith. Fassett's message to Artz's wife includes:

> You do realize where [your husband's] money comes from yes? Your husband colludes with his clients to steal from hardworking American investors. He's a rapacious bully, misogynist and predator who demeans, threatens, then games the

---

[1] To be clear, this is not an attorney-of-record in this lawsuit. The attorney is Ontel's intellectual property law attorney of many years, who previously communicated with Fassett, on behalf of Ontel, including to try and settle the parties' patent dispute prior to the lawsuit being filed.

**Smart In
Your World®**



legal system to cause untold amounts of trauma to good, hardworking Americans…He's actually famous for it. As are his clients.

Prior to sending this message, Fassett had been "following" the wife's and teenage daughter's Instagram accounts.[2] As noted above, Fassett sent this message while she and her company were pursuing legal claims, including for alleged patent and trade dress infringement, before this Court.

The proposed motion will put Fassett's recent conduct into context, including her pre-litigation statement to Artz that:

> I want nothing more than to go back to doing what I love and not lying awake at night thinking about **guns and trips to New Jersey**.

(Emphasis added). Ontel is headquartered in Fairfield, New Jersey, whereas Fassett resides in Oregon. Fassett's statement caused Ontel to implement security measures at its headquarters.

Ontel has concerns for the safety of its executives, employees, attorneys, and those affiliated with them. These concerns have been heightened by Fassett's recent communications to the wife of its attorney. Therefore, the proposed motion – which will present sworn declarations and exhibits regarding Fassett's conduct – will seek the entry of a Protective Order that would restrain Fassett from: (1) contacting any Ontel employee (including any executive), shareholder, advisor, or attorney (including outside counsel), or any of their relatives or domestic partners, for the pendency of this litigation, except through HPI's counsel in this lawsuit; (2) distributing the contact information of Ontel's employees and executives to third-parties; and (3) harassing Ontel's customers (and their employees), including *inter alia* by filing grievances against any of their attorneys with a state bar authority, with the United States Patent and Trademark Office, or with any other government body, in a retaliatory manner – also actions that Fassett has taken, at least in part, because of her animosity towards Ontel.

Ontel's and Plaintiff's counsel had multiple meet-and-conferrals in an attempt to resolve this issue, but the parties were not able to reach an agreement. It was significant for Ontel that Fassett and HPI refused to enter into a consent motion for a Protective Order. Moreover, Fassett rejected Ontel's request that she stop distributing the contact information of Ontel's executives to third-parties, which Fassett has done previously to create nuisance or disruption to Ontel (and which will be described in greater deal in Ontel's proposed motion). In sum, Ontel will request

---

[2] For clarity, we note that the Artz's wife and teenage daughter have no involvement or relationship to Ontel.



that the Court prohibit Fassett from undertaking actions that target Ontel's executives, employees, outside attorneys, and Ontel's customers for retaliation.

Courts are authorized to govern the conduct of litigants and their principals, especially when the safety of litigants and related individuals is implicated. District Courts have the "inherent power to impose sanctions for the bad-faith conduct" of litigants. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (upholding the District Court's sanctions against a party for perpetuating fraud on the court and the party's bad faith displayed towards his adversary and the Court throughout the litigation.). A party "may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." *Id.* (citing *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 800, (1987)) (upholding the judiciary's authority to sanction "conduct that violates specific duties imposed by the court itself, arising directly from the parties' participation in judicial proceedings."). *See Weisberg v. Riverside Twp. Bd. of Educ.*, 272 F. App'x 170, 173 (3d Cir. 2008) (agreeing with the district court's legal determination that the U.S. District Courts "possess an inherent power to assess sanctions where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

Ontel's motion will argue that Fassett communicated with Artz's family in order to intimidate and to retaliate against Ontel and Artz. Fassett had the audacity to write to Artz's wife, someone that she has never met and has no involvement in this lawsuit, that her husband is "a rapacious bully, misogynist and predator who demeans, threatens, then games the legal system…" (Exhibit 1). As will be explained in the proposed motion, Fassett previously targeted Attorney Artz for his representation of Ontel, including by writing to Artz's partners at the law firm of Dickinson Wright PLLC that they should be "ashamed" for representing Ontel, and that Artz, in his "previous life," must have been a "guard at Treblinka." In addition, Fassett retaliated against the inhouse REDACTED attorney of one of Ontel's customers because of that retailer's refusal to stop doing business with Ontel. In particular, Fassett filed ethics complaints against the retailer's attorney with the Supreme Court of Ohio and the United States Patent and Trademark Office. Fassett's intent was to increase the costs of doing business with Ontel, especially by targeting an REDACTED, REDACTED this is a strategy to potentially sever Ontel from its long-standing IP attorney.

In conclusion, Ontel requests leave to file its motion and supporting declarations and exhibits in support of its request that threatening and other retaliatory acts of Fassett be curtailed by the Court. We appreciate the Court's time and attention to Ontel's concerns, and we look



forward to hearing from Your Honor.

        Respectfully submitted,

        ARENTFOX SCHIFF, LLP

        Ariel Peikes
        *Attorneys for Defendant Ontel Prods. Corp.*

Enclosure (Exhibit 1)

Cc: All counsel of record (via email)

AFSDOCS:302677346.1